IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

STEPHON JANIUS ARRASTIA,     )
          )
    Plaintiff,     )
          )
    v.     )     CV 325-079
          )
DR. AYODELE ABEL AYEDUN,     )
          )
    Defendant.     )
          )

_____

**O R D E R**

_____

On April 14, 2026, the Court ordered personal service on Defendant.[1]  (Doc. no. 29.) On April 30, 2026, a proof of service form was returned executed, which indicates the United States Marshal served Lakilya Glover, an employee of Defendant, on April 29, 2026.  (Doc. no. 31, p. 2.)  The form indicates Ms. Glover is designated by law to accept service of process on behalf of "More Cares Inc."  (Id.)  However, More Cares Inc. is not a named defendant in the instant case.  Rather, the sole named Defendant is an individual person.  (See doc. no. 12.)

Pursuant to Federal Rule of Civil Procedure 4, individual defendant within the Southern District of Georgia may be served:  "(1) in accordance with Georgia law, (2) by personal service, (3) by leaving a copy of the complaint at the defendant's dwelling with a resident of suitable age, or (4) by serving the defendant's agent to receive service of process, whether authorized by appointment or by law."  Cox v. Mills, 465 F. App'x 885, 888 (11th Cir. 2012)

---

[1] The Court originally ordered personal service on Defendant on March 5, 2026, but a request to waive service of summons was instead erroneously sent to Defendant.  (See doc. no. 26; see also doc. no. 28.)

(*per curiam*) (citing Fed. R. Civ. P. 4(e)).  Under Georgia law, an individual defendant may be served (1) personally, (2) by leaving the summons and complaint "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or (3) "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."  O.C.G.A. § 9-11-4(e)(7).  Therefore, "[b]ecause Georgia's statutory provision tracks the language of Federal Rule 4(e), there is no conflict between federal and state law regarding personal service[.]"  Mark v. Fulton Cnty., No. 117CV02788, 2018 WL 4850254, at *3 (N.D. Ga. Aug. 17, 2018), *adopted by* 2018 WL 4850228 (N.D. Ga. Sept. 7, 2018).

Here, one of Defendant's employees was served, and thus Defendant was not served personally nor by leaving a summons and complaint at his dwelling.  However, it is unclear whether this employee qualifies as Defendant's agent for service purposes.  Notably, the returned proof of service only indicates Ms. Glover is authorized to accept service on behalf of Defendant's business, More Cares Inc., not on behalf of Defendant individually.  (See doc. no. 31.)  Further, an employee is not automatically a defendant's agent under either federal or Georgia law.  See Hudgins v. Bawtinhimer, 395 S.E.2d 909, 911 (Ga.  Ct. App. 1990) ("The record shows service was attempted by leaving a copy of the summons and complaint with [defendant's] office manager, who was not a registered or authorized agent, for process."); Mark, 2018 WL 4850254, at *2-3 (concluding defendant was not served where summons and complaint were left with another individual at defendant's former place of employment).

Accordingly, because it does not appear Defendant was properly served, the Court again **DIRECTS** the United States Marshal to use reasonable efforts to effect personal service

of process on Defendant by June 22, 2026. The Court further advises that service on Defendant's employee, without additional proof that the employee is Defendant's authorized agent, is insufficient. See Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e).

The Court likewise **EXTENDS** the deadline for service under Fed. R. Civ. P. 4 by the same period. The Marshal shall personally serve on Defendant a summons notifying him of the lawsuit and giving him a time period in which to answer, a copy of the amended complaint, (doc. no. 12), the Court's December 19th Order, (doc. no. 15), the Court's February 4th, March 3rd, March 5th Orders, (doc. nos. 21, 24, 26), April 14th Order, (doc. no. 29), and a copy of this Order. The Court also **DIRECTS** the Marshal to notify the Court in a written filing on the record by June 22, 2026, whether Defendant has been located and served.

Furthermore, individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with a request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendant has failed to waive service, expenses for effecting personal service may be imposed pursuant to Fed. R. Civ. P. 4(d)(2).

Finally, the Court **DENIES** Plaintiff's "Motion to Receive Marshal's Contact Information," in which Plaintiff requests the Marshal's information so that he can provide the Marshal with Defendant's full name. (Doc. no. 22.) Defendant's full name has already been updated on the docket, (see doc. no. 21), and the returned proof of service shows the Marshal was able to locate Defendant's place of employment, (see doc. no. 31).

SO ORDERED this 21st day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA